UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AIMEE O'NEIL,<br><br>            Plaintiff,<br><br>v.<br><br>STATE OF NEW YORK,<br><br>            Defendant. | Case No. 2:20-cv-00941-APG-DJA<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on pro se Plaintiff Aimee O'Neil's Application for Leave to Proceed in forma pauperis (ECF No. 1), filed on May 26, 2020.

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

In this case, Plaintiff indicates she is a resident of Nevada and has sued the State of New York, Attorney General's Office, pursuant to 42 U.S.C. § 1983 for unlawful search and seizure along with violation of her due process and equal protection rights. *See, e.g.*, ECF No. 1-1, p. 3.[1] However, a closer review of the complaint reveals that the basis for Plaintiff's claims is a visit by

---

[1] As Plaintiff is proceeding *pro se*, the Court construes her arguments liberally. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

a New York social worker in December of 2000 to Florida while Plaintiff was on a holiday there, which resulted in Plaintiff losing custody of her two children via order of Judge Wallace. As such, the complaint does not establish this Court's subject matter jurisdiction or that this is the correct venue and it is clear that amendment cannot cure that deficiency.

The events of a child custody dispute do not fall under Section 1983, but rather, should be challenged by appealing the child custody case. Further, Plaintiff alleges that the events occurred in 2000, which is well past the \ two-year statute of limitations applied to Section 1983 claims such as illegal search and seizure. Finally, states are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Moreover, a governmental agency that is an arm of the state is not a person for purposes of § 1983. *See Howlett v. Rose,* 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007). Because the State of New York is not a person under Section 1983, and the State Attorney General's Office is indisputably an agency of the State of New York, Plaintiff's action against such defendants is barred. Therefore, the Court will recommend dismissal of this action.

## RECOMMENDATION

As the Court is lacking subject matter jurisdiction, the undersigned **RECOMMENDS** that the case be **DISMISSED** without prejudice and that her application to proceed *in forma pauperis* (ECF No. 1) be **DENIED** as moot.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the

order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: May 28, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE